# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ORIX CAPITAL MARKETS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-1177-B |
| | § | |
| ROBERT KOVATS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Leave to File First Amended Motion for Final Summary Judgment (doc. 19), filed October 14, 2010. Having considered the Motion, the Court is of the opinion that the Motion should be and hereby is **GRANTED**.

Plaintiff filed its original Motion for Summary Judgment on July 28, 2010 (doc. 7). Defendant responded on August 18 (doc. 11), arguing that Plaintiff, in affirmatively moving for summary judgment on its breach of personal guaranty claim against Defendant, had failed to meet its burden of proving all essential elements. (*See generally* Def.'s Resp.). On September 1, Plaintiff filed its First Amended Motion for Final Summary Judgment (doc. 14). Defendant objected (doc. 16), arguing that Plaintiff violated the local rules in filing a second Motion for Summary Judgment and that Plaintiff should not be allowed to "shoehorn in" supplemental evidence of damages that were not raised in its initial Motion for Summary Judgment. (*See generally* Def.'s Resp. to Pl.'s Am. Mot. Final Summ. J.). Because Plaintiff did not seek leave of the Court before filing its Amended Motion for Summary Judgment, the Court struck that Motion from the Record on October 8 (doc. 18).

Plaintiff now properly seeks leave of the Court to file its First Amended Motion for Summary

Judgment, stating that the Amended Motion "serves only to correct certain technical defects in ORIX's original Motion for Final Summary Judgment raised in Kovats' Response on which the Court never ruled, and updates the total debt calculation presented in ORIX's original Motion for Final Summary Judgment, which thereby provides the Court with the most current and complete information regarding the total debt due and owing by Kovats to ORIX in order to promote a more prompt and efficient disposition of the case." (Pl.'s Mot. Leave 2). Defendants object, arguing that Plaintiff's amended motion "contains new allegations and substantive arguments based on the same causes of action included in its original Motion for Summary Judgment." (Def.'s Resp. Pl's Mot. Leave 3).

Local Rule 56.7 provides, "Except for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence." Courts have considerable discretion in determining whether to allow pretrial supplemental materials. *Hyde v. Hoffman-La Roche Inc.*, No. 3:04-CV-1473-B, 2008 WL 2923818, at *3-4 (N.D. Tex. July 30, 2008).

As an initial matter, the Court agrees that Plaintiff's Amended Motion treads far beyond simply correcting technical defects and updating the total debt calculation. Plaintiff's Amended Motion for Summary Judgment contains over five pages of new arguments created in response to Defendant's substantive arguments. Despite Plaintiff's mischaracterization and prior failure to comply with the Local Rules, the Court finds no evidence of bad faith or dilatory conduct on Plaintiff's part in failing to raise the supplemental arguments in its Original Motion. When coupled with the fact that Defendant will suffer little to no prejudice from the filing of the Amended

Motion,[1] the Court finds that leave to file the Amended Motion should be granted. Accordingly, Plaintiff's Motion for Leave to File First Amended Motion for Final Summary Judgment is hereby **GRANTED**. Plaintiff must file its First Amended Motion for Final Summary Judgment **on or before Thursday, November 11, 2010**. Briefing thereafter will continue as required by the Federal Rules of Civil Procedure, the Local Rules, and the Court's Scheduling Order. The Court notes that in considering Plaintiff's Amended Motion for Summary Judgment, the Court will disregard any references to the parties' prior arguments concerning the Original Motion for Summary Judgment, the Stricken Motion for Summary Judgment, or the Motion for Leave to File.

**SO ORDERED.**

**DATED November 8, 2010**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1]Defendant will have a full and fair opportunity to respond to Plaintiff's Amended Motion, just as it has had opportunities to respond to Plaintiff's Original Motion for Summary Judgment, the Stricken Motion for Summary Judgment, or the Motion for Leave to File.